UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FREDERICK FRANCIS GOLTZ,<br><br>  Defendant. | No. 5:22-MJ-147-BQ-1 |

**ORDER DENYING DEFENDANT'S MOTION FOR
REVIEW OF ORDER OF DETENTION**

Before the Court is defendant Frederick Francis Goltz's Motion for Review of Detention Order. Dkt. No. 22. Goltz asks the Court to revoke the magistrate judge's order detaining him pending trial. After conducting a de novo review of the detention order, Goltz's motion, the audio of the detention hearing, and the relevant briefing, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of others and the community if Goltz were released. Therefore, his motion is denied.

**1.    Background**

On December 16, 2022, Goltz was charged with Interstate Threatening Communications under 18 U.S.C. § 875(c). Dkt. No. 6. On December 23, 2022, Magistrate Judge D. Gordon Bryant conducted a thorough detention hearing. Dkt. No. 18. Judge Bryant found that there were no conditions that could be imposed to assure the safety of the community, and he ordered that Goltz be remanded to custody and detained pending trial. Dkt. No. 20. Judge Bryant made this finding based on the parties' briefing and the direct and cross-examinations of the parties' witnesses.

Goltz filed a motion to reconsider the order of detention. Dkt. No. 22. He contends that several factors weigh against requiring pretrial detention, including his family ties in Lubbock, his employment opportunities, his lack of criminal history, and the fact that all of his firearms have been confiscated by law enforcement. *Id.* at 1–2.

**2.    Legal Standards**

Under the Bail Reform Act, a defendant shall be released pending trial "unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). For pretrial detention to be imposed, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required. *Id.* at 799.

When there is no presumption under 18 U.S.C. § 3142(e)(2) that no condition or combination of conditions will assure the appearance of the defendant or the safety of the community, the government bears the burden of showing that either (1) "a preponderance of the evidence" establishes that no conditions will reasonably assure the defendant's appearance, *United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987), or (2) "clear and convincing evidence" establishes that no conditions will reasonably assure the safety of others and the community, 18 U.S.C. § 3142(f)(2)(B).

In determining whether the government has met its burden, a court "should consider the factors listed in 18 U.S.C. § 3142(g)." *United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022). Those factors include:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
2. The weight of the evidence against the defendant;

3. The history and characteristics of the defendant, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether at the time of the current offense or arrest the defendant was on probation or parole; and

4. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*See* 18 U.S.C. § 3142(g)(1)-(4).

When a district court considers a motion to revoke a magistrate judge's pretrial detention order, it "acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). Moreover, a district court, with the magistrate judge's ruling properly before it, may make additional findings based on its independent consideration of the record before the magistrate judge "as unfettered as it would be if the district court were considering whether to amend on its own action." *United States v. Fortna*, 769 F.2d 243, 249–50 (5th Cir. 1985) (quoting *United States v. Thibodeaux*, 663 F.2d 520, 527 (5th Cir. 1981)). The rules concerning admissibility of evidence in criminal trials do not apply at the presentation and consideration of information at the hearing. *Id.* (citing 18 U.S.C. § 3142(f)).

Reviewing the record developed before the magistrate judge is an appropriate procedure to comply with the obligation to conduct de novo review of a detention order. *See, e.g.*, *United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.). When conducting review of a detention order under 18 U.S.C. § 3145(b), the court retains discretion whether to hold another hearing or to receive additional evidence. *See United*

3

*States v. Anderson*, No 3:14-CR-210-D(08), 2014 WL 2764747, at *3 (N.D. Tex. 2014) (Fitzwater, C.J.) (internal citations omitted). A district court may decline to convene a second detention hearing where, as here, no showing has been made that such a hearing is warranted. *See id.*

**3.    Discussion**

The Court has conducted a de novo review of the detention order, the related briefing, and the audio of the detention hearing, and it has carefully reviewed Goltz's motion. Based on the record in this case, the Court finds that the government has proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of other persons and the community if Goltz were released. His motion is therefore denied.

To determine whether the government has met its burden, the Court considers each Section 3142(g) factor in turn. The first factor—the nature and circumstances of the offense—weighs in favor of detention. Here, Goltz's alleged violation of 18 U.S.C. § 875(c) constitutes a "crime of violence" under the Bail Reform Act because "its elements include the threatened use of physical force." *See, e.g., United States v. Capriotti*, No. 21 CR 16, 2021 WL 229660, at *4 (N.D. Ill. Jan. 22, 2021). In addition to the elements of the offense, the complaint alleges that Goltz has targeted various groups and individuals with threats of violence online. For example, one post contemplates a "mass shooting of poll workers and election officials." Dkt. No. 6 at 4. Another post states that a particular Maricopa County official has a wife and that "[w]e need to find out her name and where she works." *Id.* at 6.

And yet another includes an individual's name, phone number, and address, with a comment that "[i]t would be a shame if someone got to [] []his children." *Id.* at 4–5.

In response to another user's comment that "[k]ids are off limits," Goltz asserted: "NOTHING is off limits.  It's people like you that are supposedly with us, who don't have the stomach to do whatever it takes to get our country back.  That's why we lose.  [The targeted officials] have come after our kids every way possible and you have some aversion to targeting theirs?" *Id.* at 6.  Goltz elaborated in another post that "children are the most important ones to get because it sends a message 100 years into the future that people will pay the price for 'sins of the father.'  Dead children burn into the memories of people.  Dead adults are forgotten much easier." *Id.* at 9.  Goltz's disturbing pattern of posting explicit threats online—each of which threatens violence against specific individuals or, even more egregiously, their children—pushes the first factor heavily in favor of detention.

The second factor considers the weight of the evidence against Goltz, and it also favors detention.  The FBI's review of the social media accounts at issue revealed the posts detailed above.  The FBI issued subpoenas to the respective social media sites and internet providers, who each produced subscriber information connecting Goltz to the accounts that made those posts.  *Id.* at 3.  The FBI also confirmed this data by cross-referencing it with information contained in other databases and other posts made from the accounts.  *Id.* at 3–4.  In an interview with law enforcement, Goltz admitted to operating the accounts and making the posts in question.  Dkt. No. 16-1 at 4.  The weight of evidence thus supports the charges against Goltz and, consequently, favors detention.

The third factor—the history and characteristics of the defendant—is a mixed bag. The Court must evaluate Goltz's family ties, employment, mental health, and community

ties, amongst other factors. 18 U.S.C. § 3142(g)(3). At the detention hearing, the testimony of Goltz's wife confirmed that she and Goltz have lived in Lubbock for over a decade, own a home in Lubbock, and currently are raising their youngest children in Lubbock. Goltz's wife also testified that Goltz is not currently employed but that a family friend has offered Goltz employment at his lawn-care business if he is released. The testimony further revealed that Goltz has no record of violent or otherwise criminal activity. But the testimony also revealed that Goltz is a Canadian citizen and has extensive family ties in Canada. Other sealed evidence provided by the government (*see* Dkt. No. 16-3) calls into question Goltz's mental health and the ability of his wife to regulate his conduct as a third-party custodian. Therefore, although some evidence weighs against requiring detention in this case, other evidence weighs in favor of it.

The final factor considers the nature and seriousness of the danger that the defendant would pose to any person or to the community upon his release. The Court finds that this factor also weighs in favor of detention. As detailed above, Goltz is charged with making very serious, violent threats to others. In addition to his most recent posts, his social media accounts reveal a lengthy history of brazen, graphic rhetoric directed towards various groups and individuals. Dkt. No. 6 at 4–9. And now that Goltz has been formally charged for this conduct, he would have little legal incentive to hold back from executing these threats. Further, the prospect of a federal prison sentence and removal from the United States would likely exacerbate Goltz's existing mental-health struggles. The Court therefore has significant concern that revoking detention would leave Goltz to his own devices and result in significant danger.

Therefore, after considering each of the Section 3142(g) factors, and considering them in combination, the Court finds that clear and convincing evidence shows that there is no condition or combination of conditions that will reasonably assure that Goltz would not pose significant danger to others or the community if he is released.

4.  **Conclusion**

The Court, after considering Goltz's motion, the briefing, the audio of the detention hearing, and Judge Bryant's order of detention, finds that the government has met its burden of proving the necessity of pretrial detention. Goltz's motion to revoke pretrial detention is therefore denied.

So ordered on January 3, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE